U.S. DISTRICT COURT
EASTERN DISTRICT - WI
FILED
2020 MAR 12 P 4: 26
CLERK OF COURT

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# COMPLAINT

Lavall T. Lee

    Plaintiff,

v.

Correctional officer William James,

Paul S. Kemper (Warden), &

Kevin Carr (D.O.C Secretary) et. Al.,

(Individual & official capacity)

Civil Action No# **20-C-0396**

Jury Demand

## I. Jurisdiction & Venue

1. This is a civil action authorized by 42 U.S.C § 1983 to redress the deprivation, under color of state law of right secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C § 1331 and 1343 (a) (3). The court has supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C § 1367. Plaintiff seeks declaratory relief pursuant to 28 U.S.C § 2201 & 2202. Plaintiff's claim for injunctive relief are authorized by 28 U.S.C § 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

## II. Plaintiff's

2. The Eastern District of Wisconsin is an appropriate venue under 28 U.S.C § 1391 (b) (2) because it is where the events giving rise to this claim occurred.
3. Plaintiff Lavall T. Lee, is and was at all times mentioned herein a prisoner of the State of Wisconsin in the custody of the Wisconsin Department of Corrections. He is currently confined in Racine Correctional Institution, in Sturtevant Wisconsin 53177, 2019 Wisconsin Street.

## III. Defendant's

4. Defendant, Kevin Carr is the secretary of the Department of Corrections. (Indemnification). He is legally responsible for the overall operation of the Department and each institution under its jurisdiction, including Racine Correctional Institution. Employment address: 3099 E. Washington Ave, Madison, WI 53707.

5. Defendant, Paul S. Kemper is the warden of Racine Correctional Institution (indemnification). He is legally responsible for the operation of Racine Correctional Institution and for the welfare of all the inmates in that prison. Address: 2019 Wisconsin Street, Sturtevant, WI 53177
6. Defendant, William James is a Correctional Officer of the Wisconsin Department of Corrections (Indemnification) who, at all times mentioned in this complaint, held the rank of officer and was assigned to Racine Correctional Institution. Address: 2019 Wisconsin Street, Sturtevant, WI 53177
7. Each defendant is sued individually and in his official capacity. At all times mentioned in this complaint each defendant acted under the color of state law.

## IV. Facts

8. On May 29, 2019 plaintiff Lee was alleged to being involved in an altercation and was ordered to return to his assigned cell in the Kenosha unit at Racine Correctional Institution. In which plaintiff Lee complied to the order.
9. Approximately 15minutes later while waiting inside the cell plaintiff Lee was instructed by Sergeant Gudal to report to the lower dayroom area to be escorted to segregation.
10. The plaintiff adhered to Sergeant Gudal's order on his own merit.
11. The plaintiff was physically restrained (hands on) by Sergeant Gudal, officer Scoullar, Officer Palmer, and Facility Repair Worker Erik Osse.
12. Within the plaintiff's alleged conduct he was completely secured, and at ease, face down on the floor and in the process of being handcuffed.
13. Sergeant Gudal, officer Palmer and other officers ordered and pleaded with officer James to not administer the Oleoresin Capsicum spray, screaming; Don't spray! Don't Spray!
14. Officer James stated, "no I got this!" and disregarded this order and sprayed plaintiff Lee directly in the face with the Oleoresin Capsicum spray without instruction or 'Approval, and this was done after the staff members established and asserted plaintiff Lee was already secured and of no threat.
15. Officer James deliberate indifference is responsible for unnecessary and wanton infliction of pain and injury where there was no need for force, and it was not applied in a good faith effort. In violation of the 8th amendment.
16. In extreme pain, burning, and irritation the plaintiff was handcuffed, put in leg restraints and blindly dragged to the Restrictive Housing Unit where upon information and belief he was escorted by Officer Vasquez, Palmer, Gillerman and Supervisor Lieutenant Jones.
17. Upon reaching the Restrictive Housing Unit the Plaintiff was never given the approved and effective proper method which caused of extreme pain decontamination from the Oleoresin Capsicum spray for 2 hours.
18. Plaintiff Lee was placed in a locked stall knowing the substantial risk of harm and failed to act in regard to that risk. Including not applying proper decontamination methods is deliberate indifference.

(2)

19. Plaintiff Lee informed c/o Robles of his difficulty breathing, skin irritation, and loss of vision in both eyes but the plaintiff was never seen by medical staff as per policy and procedure.
20. The prison officials failed to respond reasonably which deprived the plaintiff of a basic human need and exposed to serious harm, with possible continued serious risk for his eye sight in the future.
21. On approximately the first week of July, the plaintiff spoke with Officer Robles I.D # 0098583; Officer Palmer, I.D # 0095905; Officer Scouller. I.D # 24965, & Sergeant Gudal, I.D # 10770.
22. Upon information and belief, "they all stated in a verbal command that Officer James was instructed not to deploy his (O.C) spray and Officer James was also told that the situation was already under control, and there was no need for force by Officer James.
23. These correctional officers established that it was not a serious appearance to the guards or anyone else which displayed that force from James was not needed. The situation was already under control in the state of minds of the guards.
24. Upon information and belief these correctional officers gave Officer William James fair warning that his actions in the situation were illegal, however, Officer James ignored his orders which involved, reckless or callous indifference to the plaintiff's rights.
25. Officers Robles, Palmer, Scouller, and Sergeant Gudal upon information and belief noted that they all would give statements to the effect.
26. The plaintiff in the 2nd week of August, attempted to gather individual affidavits from the above mentioned staff members who are witnesses in this claim, but they were confiscated by the instruction of Kenosha Housing Unit Manager Mr. Krueger who stated: "the plaintiff (Lee) could not have this kind of material in his possession.
27. The plaintiff's eye injury was extremely painful and suffered temporary blindness as no proper decontaminate was ever provided. This caused unnecessary pain and discomfort for 2 hours, therefore, the defendant's actions clearly violated established rights of which a reasonable person would have known.
28. No standard procedure and neither the proper material to decontaminate. The defendants turned a blind eye to provide and failed to adequately train or supervise their subordinates in proper decontaminating of Oleoresin Capsicum spray at Racine Correctional Institution. Violating the duty to ensure no deterioration due to infliction of cruel and unusual punishment. In which currently and to this day are turning a blind eye to this safety procedure by not providing decontamination in a continued risk of harm. Supervisory staff may still be liable upon showing of deliberate indifference of their subordinates use of force. Not providing and neither storing the proper decontamination no particular constraints on the official's decision making process; and the implementation of not "providing or storing proper decontamination policy will inflict pain upon the inmates on a routine basis. These supervisors know and are aware that

there are "<u>no</u>" proper decontamination material anywhere in the institution, and are electing not to store and provide it.

29. Officer James knew that plaintiff Lee was secure and Officer James was ordered <u>not</u> to use the Oleoresin Capsicum spray, however, Officer James made no effort to use as have force as necessary. He deployed without provocation or without justification, and stated "no, I got this!" which also sent 2 officials immediately to the hospital (Palmer & Robles).

### Binding Precedent Supporting This Complaint:

Newman v. Alabama, 559 F. 2d 283, 291 (1977)
McMillian's v. Riggins. U.S.D.C (S.D. FIA case No. 1:19-CV-20684-RNS
Whitley v. Albers, 475 U.S. 312(1986)
Hope v. Pelzer, 536 U.S. 730(2002)
Gomez v. Randle, 680 F. 3d 859, 862(2012)
Monroe v. Pape 365 U.S. 167(1961)
Hudson v. McMillian 503 U.S. 1 (1992)
Estate of Davis by Ostenfeld v. Delo 115 F. 3d 1388 (8th Cir. 1997)
Brown v. Lippard 472 F. 2d 384 (5th Cir. 2006)
Helling v. McKinney 509 U.S 25 (1993)
Wilson v. Seiter 501 U.S. 294 (1991)
Estelle v. Gamble, 429 U.S. 97. (1976).
Saucier v. Katz 533 U.S. 194 (2001)
Harlow v. Fitzgerald 457 U.S. 800 (1983)
Hardy v. District of Columbia 601 F. Supp 2d 182 (D.C Dist. 2009)
Williams v. Benjamin 77 F. 3d 756, 763 (4th Cir. 1996)
Billman v. Indiana Dept. of Corrections 56 F. 3d 785, 788 (7th Cir. 1995)
Pavlick v. Mifflin 90 F. 3d 205, 208 (7th Cir. 1996)
Johnson v. Lewis 217 F. 3d 726, 734 (9th Cir. 2000)
Lewis v. Casey 518 U.S. 343 (1996)
Farmer v. Brennan 511 U.S. 825 (1994)
Cooper v. Salazar 196 F. 3d 809, 813 (7th Cir. 1999)
Wells v. Franzen 777 F. 2d 1258, 1261-62 (7th Cir. 1985)
Jordan v. Gardner 986 F 2d 1521, 1528 (9th Cir. 1993).

### V. Exhaustion of Legal Remedies

30. Plaintiff Lee used the prisoner grievance procedure available at Racine Correctional Institution to try and solve the problem. On July 11, 2019 plaintiff Lee presented the facts relating to this complaint. On October 30, 2019 plaintiff Lee was sent a response saying that the grievance had been denied.

## VI. Legal Claims

31. Plaintiff Lee realleges and incorporates by reference paragraphs 1-30. Plaintiff Lee has a constitutional right to relief.
32. The unreasonable, unnecessary, and wanton infliction of Oleoresin Capsicum Spray that Officer James was ordered not to deploy and never applied the proper decontamination method in deliberate indifference violated plaintiff Lee's rights and constituted cruel and unusual punishment under the 8th amendment of the constitution of the United States. In extreme pain for 2hours.
33. The plaintiff has no plain, adequate or complete remedy at law to redress the wrong described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which plaintiff seeks.

## VII. Prayer For Relief

Wherefore, plaintiff respectfully prays that this court enter judgment granting plaintiff:

34. A declaration that the acts and omissions described herein violated plaintiff's rights under the Constitution and laws of the United States.
35. A preliminary and permanent injunction ordering defendants Kevin Carr, Paul S. Kemper, and William James to store and provide the proper decontamination material on each unit, and every area of the Institution on hand to avoid further injuries. Additional, to enforce learning these procedures and instructions in every training of employment at the highest levels on direction of the secretary and warden of the institution to all its subordinates, including medical staff, and providing records of decontamination through health services with a copy provided to the inmate for his own record. At no charge for the service, and administered 10 minutes before risk of harm.
36. Compensatory damages in the amount of $250,000.00 against each defendant, jointly and severally.
37. Punitive damages in the amount of $250,000.00 against each defendant.
38. Jury trials on all issues tried by a jury.
39. Plaintiff's cost in this suit and taxes.

40. Any additional relief this court deem just, proper, and equitable.

Dated: February 27, 2020

        Respectfully submitted,

                Lavall T. Lee #313650
                Racine Correctional Institution
                P.O. Box 900
                Sturtevant, WI 53177

### Verification

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and as to those I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct, pursuant to 28 U.S.C 1746. Executed at Sturtevant, WI **on February 27, 2020.**

Electronically signed by:                        *Lavall T. Lee*

                                                               Lavall T. Lee