UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LAVALL T. LEE,

        Plaintiff,

    v.                                          Case No. 20-C-396

WILLIAM JAMES, et al.

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Lavall Lee, who is currently serving a state prison sentence at Racine Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On April 2, 2020, the court screened Plaintiff's complaint and allowed him to proceed on an excessive force claim against Officer William James. Dkt. No. 7. Presently before the court is Plaintiff's motion for leave to amend his complaint. Dkt. No. 12. Plaintiff's amended complaint names additional defendants he seeks to add to his action: Sergeant Gudal, M. Bones, Erik A. Osse, Officer Scoullar, and Lt. Jones.

### SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*,

504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

### ALLEGATIONS OF THE AMENDED COMPLAINT

Plaintiff alleges that, on May 29, 2019, he was accused of being involved in an altercation and was ordered to his assigned cell in the Racine Correctional Institution. Plaintiff complied with the order. Approximately fifteen minutes later, while waiting inside the cell, Sergeant Gudal instructed Plaintiff to report to the lower dayroom area to be escorted to segregation. Plaintiff complied with the instruction, but was physically restrained after he lunged towards another inmate, Imari Richardson, who was standing by the sign-out podium. Plaintiff says that Sergeant Gudal and Officer Scoullar were standing at the back stairs, approximately 60 feet away from the podium. Plaintiff was also on the back stairs before he lunged toward Richardson, a fact Sergeant Gudal left out of his conduct report, according to Plaintiff.

Plaintiff alleges Sergeant Gudal and Officer Scoullar violated safety procedures that put Plaintiff and Richardson at risk of harm and injury. Plaintiff claims Sergeant Gudal and Officer

2

Scoullar should have first secured Richardson at the podium before securing Plaintiff at the back stairs.

Plaintiff alleges Sergeant Gudal, Officer Scoullar, Officer Palmer and facility repair worker Erik Osse physically restrained him during the altercation. According to Plaintiff, he was secured, at ease, face down on the floor, and in the process of being handcuffed and put in leg restrains when Officer James intentionally sprayed Plaintiff with Oleoresin Capsicum (OC) spray. Plaintiff alleges that Officer Robles, Officer Palmer, Officer Scouller, and Sergeant Gudal verbally commanded Officer James not to deploy OC, but he did so anyway. Plaintiff says Officer James administered OC spray directly into his eyes from less than two inches away. Plaintiff was in extreme pain. He was then escorted to the Restrictive Housing Unit (RHU) by Officer Vasquez, Officer Palmer, Gillerman, and Supervisor Lt. Jones while dragged in handcuffs and leg restraints.

Plaintiff alleges that once in the RHU, he was only offered hot water and did not receive proper decontamination methods, which caused him extreme pain for two hours. Although Plaintiff informed Officer Robles, who is not named as a defendant, of his difficulty breathing, skin irritation, and loss of vision, he was not seen by medical staff. Plaintiff alleges both Officer Robles and Officer Palmer were sprayed by Officer James.

Plaintiff alleges that in August 2019 he gathered affidavits from Sergeant Gudal, Officer Palmer, Officer Robles, and Officer Scoullar that supported his version of events, but that the affidavits were confiscated by Unit Manager Krueger. Plaintiff also makes several additional allegations concerning the evidence in his case. He says that an August 14, 2019, response from the records custodian indicated that the entire record of the May 29, 2019 incident "does not exist." Plaintiff says an internal grievance he filed was untimely dismissed by M. Bones, the inmate complaint examiner. He also claims that Sergeant Gudal "twice directed" Officer James what to

3

put in his incident report and one of those incident reports was sent to Madison by mistake. Finally, Plaintiff states that in the event video evidence was destroyed, he seeks a spoliation instruction from the court.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Plaintiff claims Officer James used excessive force when he sprayed Plaintiff with OC spray. Plaintiff also alleges Lt. Jones, one of the individuals who escorted Plaintiff to the RHU while he was dragged in leg restraints after he had already been secured and not resisting and after he was blinded by OC spray, used excessive force. The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain." *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001). The Supreme Court has held that the core judicial inquiry in an excessive force case is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *See Hudson v. McMillian*, 503 U.S. 1, 6 (1992). As the court found in its prior screening order, based on the allegations contained in the complaint, Plaintiff has stated a claim for excessive force against Officer James. Plaintiff has also stated an excessive force claim against Lt. Jones.

Plaintiff has not stated excessive force claims against Sergeant Gudal, Officer Scoullar, or Erik A. Osse. Plaintiff states that Osse secured his legs while he was being restrained, but without more this does not state an excessive force claim. In addition, Plaintiff states that Sergeant Gudal and Officer Scoullar violated the prison's safety procedures by not first securing inmate

4

Richardson at the podium. Even if true, this breach alone—in deciding who to secure first—does not give rise to an Eighth Amendment claim for excessive force.

Plaintiff claims another cause of action based on a breach of a duty to preserve evidence and alleged spoliation of evidence by prison officials. This allegation does not state a federal cause of action arising out of the constitution or the laws of the United States. "Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights conferred elsewhere." *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979)). Plaintiff has not pled a federal claim arising from this alleged spoliation of evidence. While federal courts do have the power to sanction parties for spoliation of evidence through the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 37(b)(2), Plaintiff's allegations are premature as it appears he has not sought this information through formal discovery. After having done so, if Plaintiff is unable to obtain evidence that he can show was improperly destroyed, he can seek relief by motion to the court.

Plaintiff's single allegation against M. Bones, the inmate complaint examiner, is that he issued a late dismissal of Plaintiff's internal complaint. Again, this allegation does not support a federal cause of action under § 1983. And the court declines to exercise supplemental jurisdiction over any state law claims alleged by Plaintiff that may or may not be sufficiently pleaded regarding this allegation against M. Bones or the actions defendants took pertaining to the evidence in Plaintiff's case. *See* 28 U.S.C. § 1367; *see also City of Chicago v. International College of Surgeons*, 522 U.S. 156 (1997) (noting that pendent jurisdiction is a discretionary choice).

In sum, Plaintiff has not stated claims against Sergeant Gudal, Officer Scoullar, Erik A. Osse, or M. Bones. The court finds that Plaintiff may proceed on his excessive force claims against Officer James and Lt. Jones.

5

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to amend his complaint (Dkt. No. 12) is **GRANTED**.

**IT IS FURTHER ORDERED** that Sergeant Gudal, Officer Scoullar, Erik A. Osse, and M. Bones are **DISMISSED** as defendants.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of Plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendant.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendant shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that Plaintiff shall submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

6

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this 9th day of July, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
