IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

LAVALL T. LEE,
          Plaintiff,
V.

C.O. William James, Et Al.,
Individual and Official
Capacity,
          Defendants.

Civil action # 20-CV-396
[Jury Demand]

AMENDED COMPLAINT

(Amendm ent as of Right) Foman v. Davis, 371 U.S. 178, 182 (1962).

### I. Jurisdiction & Venue

1.) This is a Civil Action Authorized by 42 U.S.C. § 1983 to redress the deprivation, under Color of State Law of Rights secured by the Constitution of the YUnited States. The Court has Jurisdiction under 28 U.S.C. § 1331 and 1343 (a)(3), with his Civil Rights Complaint proceeding herein Pro-Se.

### II. Plaintiff

2.) Plaintiff Lavall T. Lee, is an adult resident of the State of Wisconsin and at all times relevant to this action, was confined as a Statew prisoner at the Racine Correctional Institution (RCI) located at: RCI, P.O. Box 900, Sturtevant, WI 53177.

### III. Defendants

3.) Defendant William James, is an adult resident of the State of Wisconsin and at all times relevant to this action was employed by the WDOC, at RCI, whose last known employment address was: 2019 Wisconsin Street, Sturtevant, WI 53177-0900.

4.) Defendant Sergeant Gudal, is an adult resident of the State of Wisconsin and at all times relveant to this action was employed by the WDOC, at RCI, whose last known employment address was: 2019 Wisconsin Street, Sturtevant, WI 53177-0900.

5.) Defendant M. Bones, is an adult resident of the State of Wisconsin and at all times rel relevant to this action was employed as the Inmate Complaint Examiner (ICE) by the WDOC, at: RCI, whose Last known aemployment address was: 2019 Wisconsin Street, Sturtevant, WI 53177-0900.

6.) Defendant Erik A. Osse, is an adult resident of the State of Wisconsin and at all times relevant to this action, was employed by the Wisconsin Department of Corrections, as a Facilities Repair Worker, whose last known employment address was: 2019 Wisconsin Street, Sturtevant, WI 53177-0900.

7.) Defendant Lt. Jones, is an adult resident of the State of Wisconsin and at all times relevant to this action, was employed by the WDOC, as a Lieutenant, whose last known employment address was: 2019 Wisconsin Street, Sturtevant, WI 53177-0900.

## STATEMENT OF FACTS

8.) On May 29, 2019, Plaintiff Lee was alleged to being involved in an altercation with another inmate and was Ordered by officers to return to his assigned cell in the Kenosha Unit, in which Lee complied with the Order.

9.) Approximately 15 minutes later Lee was instructed by Sergeant Gudal to report to the lower dayroom area to be escorted to Segregation.

10.) The Plaintiff adhered to Sergeant Gudal's Order on his own merit, but did lunge.

11.) On May 29, 2019, Sergeant Gudal filed an Inmate Incident Report stating: Offender Lee was up on the East Side Upper Left Tier and was directed to come to the dayroom and sit. At this time I closed the dayrooms and Imari Richardson was standing by the sign out podium. "Offender Lee then came down the back stairs z toward where Officer Scollar and I were standing.

12.) Plaintiff Lee Contends that the back stairs where Sergeant Gudal stated he and Scoullar were standing is approximately 60 feet away from the podium./

13.) On June 7, 2019, Sergeant Gudal wrote and (DOC-9) Adult Conduct Report stating: "Offender Lee came down to the sign out podium where Offender Richardson was standing and lunged toward Offender Richardson ... In this conduct report Sergeant Gudal omitted that Plaintiff Lee came down the Back Stairs and that Officer Scoullar and himself (Gudal) were standing at the back stairs which is approximately 60 feet away from the podium, stating: Lee was placed into T.L.U. by Lieutenant Jones.

14.) Plaintiff Lee contends that Sergeant Gudal and Officer Scoullar Violated Safety procedures that placed Plaintiff Lee and Offinder Richardson at Risk and Harm of Injury by not first securing Inmate Richardson at the podium, and then second, not securing Plaintiff Lee who came down the back stairs in which Sergeant Gudal admits that he and Officer Scoullar were already standing there on the day of the incident. (60 feet away). (See #11.) In a believed altercation between these two Offenders. They knew, exposed, and failed to respond reasonably. (Gudal is impeached.)

15.) The Plaintiff was physically restrained (hands on) by Sergeant Gudal, Officer Scoullar, Officer Palmer, and Facility Repair Worker Erik Osse.

16.) The Plaintiff contends that back on May 29, 2019, the same day of the incident he filed a (DOC-400) Inmate Complaint stating: Three Officers plus Scoullar ... cuffed me, when C.O. James was directly told by Scoullar, Roble, plus other C.O.s not to spray.

✱ 17.) On August 14, 2019, the Public Records Request Response (DOC-1160) Records Custodian D. Seitz response: "Complete response to your Public Recoreds Request, Section 1: Existance of Record; checked the box: "The entire record(s) requested does not exist," of the May 29, 2019, incident.

18.) Plaintiff Lee contends that Officer James does not ahve a May 29, 2019, Incident Report.

19.) Plaintiff Lee contends that upon information and belief, Sergeant Gudal twice directed Officer James on what to say in writing an Indident Report from May 29, 2019.

20.) Plaintiff Lee contends upon information and belief that Officer James mistakenly sent one of those Incident Reports to Madison, from the May 29, 2019 incident.

21.) Plaintiff Lee contends that he never received incident reports from Palmer, Krueger, Pankoff and Meronck, from May 29, 2019. (See #17.)

22.) Plaintiff Lee contends that this constitutes a Refusal to turn over evidence that exposed their falsities,

23.) Plaintiff Lee contends that video surveillance must be subpoenaed of the inside and outside footage.

24.) Plaintiff Lee contends that Defendants have a duty to preserve the videos of the inside and outside of the May 29, 2019 incident.

25.) Plaintiff Lee contends that in the event that the videos were not preserved it constitutes as destroying evidence and shall be ruled in Plaintiff's favor. Also that any Documents not provided as the same. As destruction in bad faith for spoilation of evidence.

26.) On May 29, 2019, Defendant Erik Osse (Repair worker) in an Incident Report admits to securing "Lee's" legs. Defendant Osse is not a Correctional Officer. The OSSE admits OCSSpray was used by one of the Officers. (Defendant1Osse is beyond the scope of his employment.)

27.) On May 29, 2019, Officer David O. Robles filed an Incident Report stating: While working on the Kenosha Unit ... As Lee appeared to begin to comply with this order ... I, Sergeant Gudal and officer Scoullar intervened, physically pulling inmate Lee and safely directing him to the ground. I took control of the right side of Lee's upper arm ... An additional four other officers assisted in gaining compliance from Inmatre Lee. "Officer James" who was in front of inmate Lee, "claimed" he heard someone say, "Spray Him." Officer James pulled out his OC, (Oleoresin Capsicum) and sprayed Lee in the face. (Officer Robles' testimony must be subpoenaed).

*28.) On May 29, 2019, Defendant Scoullar filed an Incident Report stating: "Lee, Lavall, who at the time, was on the upper tier, standing just outside his cell door, Gudal had instructed him to come down stairs ... Richardson, who had been sitting already in front of me ... I placed my right arm under his right arm (Lee) and my left arm over hids left shoulder and pulled him away, directing him safely down to the floor. At the same time, Sergeant Gudal assisted in this process. Plaintiff Lee contends that if Richardson was sitting directly in front of Scoullar, then Scoullar should be securing him ... However, Gudal said Scoullar was at the back stairs with him. (Plaintiff wants Scoullar Added as a "Defendant." (See #14.)

29.) Plaintiff Lee contends that the above(#25-28) showcase that at least 5 officers have him contained in which they state they directed Lee safely to the floor/ground. This constitutes that Lee was already secure and of no threat.

30.) Plaintiff Lee contends that Officer James must provide and reveal who gave him (what person) the Order to spray. (This information from James must be subpoenaed.)

31.) Plaintiff Lee contends that he was completely secured, and at ease, face down on the floor and in the process of being handcuffed, when Officer James with intent sprayed him.

32.) Sergeant Gudal, Officer Palmer and other officers Ordered and pleaded with Officer James to not administer the Oleoresin Capsicum Spray: Screaming: Don't Spray! Don't Spray!

33.) Officer James stated, "No, I got this!" And disregarded Orders not to spray. (It should be noted that officer James does not have an incident report, and in the two attempts to provide one, Sergeant Gudal directed him on what to say and put it together.)

34.) Officer James' deliberate Indifference is responsible for unnecessary and wanton infliction of pain and injury where there was no need for force, and it was not applied in a good faith effort, in Violation of the 8th Amendment.

35.) Plaintiff Lee contends that the Spray caused him unrest in extreme pain, burning, and irritation while the Plaintiff was being handcuffed, put in leg restraints and blindly dragged to the restrictive housing unit where upon information and belief was escorted by Officer Vasquez, Palmer, Gillerman and Supervisor Lieutenant Jones.

36.) On may 29, 2019, Defendant Jones filled out a (DOC-67) Notice of Inmate Placed in temporary Lock-up.

37.) Plaintiff Lee contends that Defendant Jones did not provide who (What Person) gave Defendant James the Order to Spray.

38.) Plaintiff Lee contends that it is illegal to escort an offinder blindly after being sprayed, handcuffed behind his back with leg restraints on, and Defendant Jones participated.

39.) On May 29, 2019, Officer Victor M. Vasquez Cuevas filed an Incident Report stating: It should be noted that a stoong odor of OC was present in the air in ... wrist restraints were applied by staff as well as leg restraints. Both sets of restraints were double and secured and snugness of them was checked by staff ... Leg restraints were removed by Officer De la Garza and he (Lee) was directed to step inside the shower and the door was secured ... Lee was offered the opportunity to shower (Hot Water). (Officer De la Garza testimony should be subpoenaed.)

40.) Plaintiff Lee contends that "Hot water" would only further harm.

41.) Plaintiff Lee contends that Officer Palmer received medical attention as he was also sprayed by Officer James. (This documentation must be subpoenaed.) Per Lt. Jones.

42.) Plaintiff Lee contends that HSU Treatment was not encompassed to him upon reaching restrictive housing unit, the Plaintiff was never given the approved and effective proper method of decontamination which caused extreme pain for 2 hours, only offered a \*Hot shower,

43.) Plaintiff Lee was placed in a locked stall knowing substantial risk of harm and failed to act in regard to that risk. (See #41.)

44.) Plaintiff Lee contends he informed C.O. Robles who was also sprayed by James, of Plaintiff's difficulty breathing, skin irritation, and loss of visioin in both eyes but the Plaintiff was never seen by HSU medical staff as per policy and procedure under Defendant Jones.

45.) The Defendants failed to respond reasonably which deprived the Plaintiff of a basic human need and exposed to serious harm, with possible continued serious risk for his eye sight in the future upon his information and belief.

46.) On May 31, 2019, Plaintiff Lee's (DOC-400) Inmate Complaint is stamp dated by staff on May 31, 2019, which constitutes as received.

47.) On approximately the first week of July, the Plaintiff spoke with Officer Robles, #0098585, Officer Palmer, #0095905, Officer Scouller, #24965, and Sergeant Gudal, #10770.

48.) The Plaintiff contends upon information and belief, that the above (See #47.) all stated in a verbal command that Officer James was instructed not to deploy his (O.C.) spray and that Officer James was alsos told that the suituation was already under control, and there was no need for force by Officer James. (He sprayed over the top while reaching under.)

49.) The Plaintiff contends that these Correctional Officers established that it was not a serious appearance to the guards or anyone else as four or five officers were on top of Plaintiff Lee who was being handcuffed and leg restrained on him which displayed the force from James was not needed. James sprayed less than 2 inches directly in the Plaintiff's eyes as the situation already under control in the state of minds of the guards. (He sprayed over the top while reaching under.)

50.) The Plaintiff contends upon information and belief these Correctional Officers (See #47.) gave Officer James Fair Warning that his actions (spraying the Plaintiff less than 2 inches directly in the eyes while 4 or 5 officers were cuffing and putting leg restraints on the Plaintiff who is laying face down on his stomach) was illegal. Officer James had a reckless or callous indifference to the Plaintiff's Rights.

51.) The Plaintiff contends that Officers Robles, Palm er, Scoullar, and Sergeant Gudal noted that they ALL would give statements to this effect, (See #50.) and in the Plaintiff's favor.

52.) On July 3, 2019, the ICE issued an (DOC-410) ICE Receipt Complaint Number RCI-2019-& 12241 from Plaintiff Lee's Complaint that was Stamped dated May 31, 2019, more than 30 days later as the date Complaint received.

53.) On July 11, 2019, the ICE in Complaint Number RCI-2019-12241 as the date acknowledged.

54.) In August Plaintiff Lee gathered Affidavits in his support from Gudal, Palmer, Robles and Scoullar, but the Affidavits were commfiscated by Unit Manager Krueger who stated Lee coiuld not have Affidavits in his possession.

55.) On September 4, 2019 (Print date: 9-23-19) issued an (DOC-401) ICE Report in Complaint Number RCI-2019-12241, more than 80 days later beyond time limitations in default. Issued by M. Bones (ICE) Dismissing Lee's Complaint.

56.) On September 20, 2019 (Print Date: 9-23-19) Warden Paul Kemper the Reviewing Authority's Decision in Complaint Number RCI-2019-12241 Dismissed, even though the ICE was 80 days beyond Default.

57.) On September 30, 2019, the Plaintiff filed an (DOC-405) Inmate Complaint Appeal in Complaint Number RCI-2019-12241, noting the Default stating: When responding to a Complaint they clearly authorize up to 30-days to make a recommendation and an additional 15 days to make a Decision. (For a total of 45 days.) I submitted my Complaint6 on May 29, 2019, and did not receive a Response until September 23, 2019. Also noting: James deployed the (OC) spray without authorization from a superior as per Internal Management PBocedure.

58.) A simple review of the video footage would have clearly shown that prior to the use of (OC) spray, I (Lee) was physically restrained on the floor, down with an excess of 4 staff members individually restraining each of my limbs with their knees in my back and on my head ... to control me was absolutely successful and I was no threat at all. Therefore, the use of (OC) spray was not warranted. The Reviewer also documents that the inci8dent reports prepared by hte involved staff was used, but failed to acknowledge that no one confirmed C/O James' statement that he was Ordered to use his (OC) spray ... Instead they wrote that he claims to have heard someone say "Spray Him." A simple investigative interview would have revealed that staff involved told James not to deploy ... And informed James that the situation was under control.

NOTE: (James sprayed less than 2 inches directly in the eyes while Plaintiff Lee was face down with staff on each limbs.)

-5-

58.) On October 3, 2019, the CCE acknowledged Complaint Number RCI-2019-12241.

59.) On October 7, 2019, the CCE Emily Davidson Dismissed Complaint RCI-2019-12241.

60.) On October 30, 2019, the Office Of Secretary (OOS) C. O'Donnell, Dismissed Complaint Number RCI-2019-12241.

61.) After the Decision of the Secretary's Office there are no further Administrative Remedies available.

## FIRST CAUSE OF ACTION

Realleging and incorporating herein by reference, paragraphs 1 through 61 of the Statement of Facts, Plaintiff Lee alleges Defendants Violated his 8th Amendment Constitutional Rights. Estelle v. Gamble, 429 U.S. 97 (1976); Williams v. Benjamin, 77 F. 3d 756, 763 (4th Cir. 1966) No Justification ... In restraints ... And permission to wash mace off his face. Billman v. Indiana Department of Corrections, 56 F. 3d 785, 788 (7th Cir. 1995); Pavlick v. Mifflin, 90 F.3d 205, 208 (7th Cir. 1996); Johnson v. Lewis, 217 F. 3d 726, 734 (9th Cir. 2000). Farmer v. Brennan, 511 U.S. 825, 843-44 (1994). Mayoral v. Sheahan, 245 F. 3d 934, 939 (7th Cir. 2001).

## SECOND CAUSE OF ACTION

Realleging and incorporating herein by reference, paragraphs 1 through 61 of the Statement of facts, Plaintiff Lee alleges Defendants are in Violation of his 8th Amendment Rights. Monroe v. Pape, 365 U.S. 167 (1961); Unreasonable. Hudson v. McMillian, 503 U.S. 1 (1992); "Not applied in a good faith effort." Bailey v. Wienandt, U.S. D.C. (W.D. WI) 3:17-CV-00943. Bracey v. Grondin, 712 F. 3d 1012, 1019 (7th Cir. 2013). Established both a duty to preserve and destruction in bad faith for spoilation of evidence.

## RELIEF REQUESTED

1. Declaratory Judgment, of an Order that the Agency's policies procedures and criteria cited, vioilated State and Federal Laws pursuant to the 1st, 5th, 8th and 14th Amendment of the Constitution.

2. Natural damages, from each Oof the Defendants for the amount of Two-Hundred and Fifty Thousand ($250,000.00) Dollars.

3. Punitive Damages, from each of the Defendants for the amount of Two-Hundred and Fifty Thousand ($250,000.00) Dollars.

4. Consider Awarding Plaintiff Treble Money Damages, due to the Defendant's knowingly and intentionally and Intentional with Reckless Disregard and Deliberate Indifference, spraying less than two inches directly into the eyes while 4 or 5 staff members held each of my limbs while face down on my stomach, illegally escorting me with leg restraints, and directing others on what to say in the incident reports. Also for going 80 days beyþond Default in violation of complaint procedures,, and because a "Complete Record" does not exist.

5.) <u>Declare That</u> the Defendants have to take care of the Tax Burden that Plaintiff Lee may 8incur from the financial damages award in this Federal §1983 Lawsuit.

6.) <u>Declare That</u> the Defendants have to take care of Lee's Attorney fees and costs in this action.

7.) <u>Declare That</u> Pay-To-Stay policies do <u>not</u> apply and will <u>not</u> be subject to Wisconsin Statute 301.325 or any other Pay-To-Stay fee policy, whether any such act, policy or provision exists now or in the future.

8.) <u>Declare That The Entire WDOC</u> must revamp the ICRS over into an independent/neutral 3rd party.,

9.) <u>Declare that the Entire WDOC</u> be Ordered to educate <u>ALL</u> employees on the 1st, 5th, 8th and 14th Amendments.

10.) Grant Plaintiff Lee any and all other relief that this Court deems just and fair.

11.) All Defendants are sued in both their individual and official capacities.

12.) Plaintiff Lee Demands a Trial by Jury on all matters Triable.

## CONCLUSION

Wherefore, Plaintiff Lee, Respectfully Pray this Honorable Court to <u>GRANT</u> the Requested Relief sought herein.

## VERIFICATION

I, <u>Lavall T. Lee,</u> hereby declare under the penalty of perjury that all statements made herein are true and correct based on my personal knowledge, and that all incident reports and adult conduct reports are true and correct copies, except those made upon information and belief.

Dated this <u>2nd</u> day of <u>June</u>, 2020.

Respectfully Submitted,

*[signature]*
Lavall T. Lee, #313650
Plaintiff, Pro-Se

Racine Correctional Institution
P.O. Box 900
Sturtevant, WI 53177-0900