UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LAVALL T. LEE,

        Plaintiff,

        v.                                                Case No. 20-C-396

WILLIAM JAMES and
EDWARD JONES,

        Defendants.

---

## DECISION AND ORDER

---

        Plaintiff Lavall Lee, who is currently incarcerated at the Racine Correctional Institution (RCI) and representing himself, brought this action under 42 U.S.C. § 1983. Lee was allowed to proceed on claims that Defendants William James and Edward Jones violated his civil rights by using excessive force when restraining him after an altercation with another inmate and then escorting him to the Restricted Housing Unit. The matter is now before the court on the parties' competing motions for summary judgment. Dkt. Nos. 26 & 51. For the reasons that follow, Lee's motion for summary judgment will be denied and Defendants' motion will be granted.

## BACKGROUND

        On May 29, 2018, Lee was involved in an altercation with another inmate and was ordered to return to his cell. A short while later, he was instructed to report to the lower dayroom area to be escorted to segregation. As he was coming down the back stairs toward the sign-out podium, Lee lunged at another inmate who was standing by the podium. Am. Compl. at 2, Dkt. No. 15. Lee was restrained and placed on the ground. *Id*. at 3. Officer James, who was not initially at the scene, responded to an alert for assistance related to the altercation. Defs.' Proposed Findings of

Fact (DPFOF) ¶ 8, Dkt. No. 75. Multiple officers attempted to secure Lee's limbs, *see* Am. Compl. at 3, ¶ 29, and at some point, James sprayed Lee with oleoresin capsicum (pepper spray), DPFOF ¶ 15. Based on his training, James decided that the use of the spray would be the most effective way to "get control of the situation quickly," and after being sprayed, Lee stopped resisting. DPFOF ¶¶ 14, 18, 20–21. A subsequent Facility Use of Force Review found that James' use of spray was justified. *Id.* ¶ 48.

Under Lieutenant Jones' supervision, Lee was then taken, in cuffs and leg restraints, to the Restrictive Housing Unit (RHU). *Id.* ¶ 22. Lee was given the opportunity to shower, but he asserts that he was only provided hot water. Pl.'s Resp. to DPFOF ¶ 26. Jones asserts that, when Lee complained about the hot shower, he provided Lee with cold water to flush his eyes, offered Lee medical attention, and instructed staff to contact HSU once Lee was done showering "to make sure he was alright." Jones Decl. ¶¶ 15–16, Dkt. No. 57; DPFOF ¶ 26. Lee's medical record shows no new health services requests or corresponding treatment for issues related to the spray or restraints in the weeks after May 29, 2019. DPFOF ¶ 49. Although Lee submitted a health service request (HSR) on July 1, 2019, for headaches and blurred vision in his right eye, an examination on July 2, 2019, revealed that his eyes were normal. Defs.' Add'l PFOF ¶¶ 51–53, Dkt. No. 83. Lee had no other HSRs related to those symptoms for the following several months. *Id.* ¶ 57. The parties dispute whether video footage of the altercation, spraying, or escort to the RHU was taken, but nonetheless, no footage is apparently available. *See* DPFOF ¶¶ 27–29, 32–34, 41.

## LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment should be entered "against a party who fails to make a showing sufficient to establish

2

the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  *Id*. at 323.  A party opposing summary judgment "must do more than raise a 'metaphysical doubt' as to the material facts."  *Gleason v. Mesirow Fin.*, 118 F.3d 1134, 1139 (7th Cir. 1997) (quoting *Matushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).  The nonmoving party must produce "'specific facts showing that there is a genuine issue for trial.'"  *Id*. (quoting *Matushita*, 475 U.S. at 587).  In reviewing a motion for summary judgment, the court draws all reasonable inferences in favor of the nonmoving party and should only grant summary judgment "'when [it] determine[s] that no reasonable factfinder could decide for the nonmoving party.'"  *Id*. (quoting *McKenzie v. Ill. Dep't of Transp.*, 92 F.3d 473, 479 (7th Cir. 1996)).

## ANALYSIS

Lee asserts that, because the undisputed evidence shows that he was restrained and sprayed, summary judgment in his favor is appropriate.  Defendants argue that, although James did spray Lee on the date in question, he did so as part of an effort to maintain order, not to harm Lee.  Additionally, Defendants assert that Lee has produced no facts to show that he was harmed during his escort to the RHU.  Defendants alternatively assert that they are entitled to qualified immunity.

It is a "settled rule that the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment," but what constitutes an unnecessary infliction of pain "varies according to the nature of the alleged constitutional violation."  *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (internal quotations omitted).  When prison officials are attempting to "resolve a disturbance," then "the question of whether the measure taken

inflicted unnecessary and wanton pain and suffering ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986) (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)). Prison administrators should be granted deference in executing measures used to respond to or prevent breaches of discipline. *Id*. at 322. And although such deference "does not insulate from review actions taken in bad faith and for no legitimate purpose," judges should not "freely substitute their judgment for that of officials who have made a considered choice." *Id*.

The determination of whether excessive force was used in a prison context depends on five factors:

> (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them; and (5) any efforts made to temper the severity of a forceful response.

*McCottrell v. White*, 933 F.3d 651, 663 (7th Cir. 2019) (citing *Whitley*, 475 U.S. at 321). "Unless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain under the standard we have described, the case should not go to the jury." *Whitley*, 475 U.S. at 322.

Here, the undisputed evidence shows that Lee was sprayed, restrained, and taken to restrictive housing in response to Lee lunging at another inmate and his resistance to officers' efforts to restrain him. There is no evidence that either James or Jones used excessive force against Lee. The parties disagree on whether James was instructed to spray or not spray, and they also disagree on whether Lee was sprayed directly in the face or on the shoulder. But these disputes of fact are immaterial. The undisputed evidence establishes that Lee attacked another inmate and

4

refused to comply with attempts to restrain him. James relied on his training to "get control of the situation quickly." DPFOF ¶ 21. And after Lee was restrained, he was taken to the RHU and allowed to shower.

Lee argues that the use of pepper spray was unnecessary because he was already on the ground with multiple officers on top of him. But that does not mean that James sprayed Lee in bad faith or for no legitimate purpose. *See Whitley*, 475 U.S. at 322. Lee's continued struggle and refusal to comply with the officer's directions so they could place restraints on him justified the further use of force. Absent evidence of bad faith, the court should defer to James' decision that he needed to spray Lee to help restore discipline. *Id*.

Also weighing against a finding of excessive force is the fact that the extent of any discomfort inflicted by the spray was short-lived, even if painful, and prison officials attempted to temper the severity of the harm by providing Lee with access to a shower to wash it off. *See McCottrell*, 933 F.3d at 663. The only evidence adduced to support the contention that Lee suffered any injury from the spray was an HSR submitted on July 1, 2019, more than a month after the incident, wherein Lee complained of intermittent headaches and blurred vision. On July 2, 2019, an examination showed Lee's eyes were normal. This scant evidence is inadequate to support an inference that James' use of spray on Lee constituted excessive force. Therefore, summary judgment for James is appropriate.

The undisputed evidence also fails to support Lee's claim that Jones used excessive force against Lee when he escorted Lee to RHU. Lee was cuffed and his legs were restrained en route to the RHU, which is reasonable given that he had attempted to attack another prisoner. While Lee contests the defendants' assertion that he did not complain about the leg restraints, *see* Pl.'s Resp. to DPFOF ¶ 24, whether he complained or not is immaterial because he has not shown that

5

he was harmed. More to the point, Lee has not alleged any injuries as a result of his restraint and transport to the RHU. Lee cites no evidence that he either required or requested medical assistance, other than for ongoing stomach complaints and a bee sting, in the days or weeks after May 29, 2019. Perhaps more significantly, Lee requested no care for any restraint-related injuries at any time. In sum, there is no evidence from which a factfinder could infer that Jones wantonly inflicted pain on Lee. There is therefore no basis for the court to second-guess Jones' judgment on how Lee was removed to the RHU. In short, Lee has failed to show that Jones used excessive force on him during Lee's restraint and transport to the RHU, and summary judgment in Jones' favor is also appropriate. Additionally, although Lee attempts to resurrect a possible deliberate indifference claim against Jones as related to his care after arriving at RHU, those claims were dismissed at the screening stage and will not be revisited.

## CONCLUSION

Even when viewed in the light most favorable to Lee, the material facts do not support a claim that either James or Jones wantonly inflicted pain on Lee so as to subject him to cruel and unusual punishment in violation of the Eighth Amendment. Because Lee's claim fails on its face, there is no need to address the issue of qualified immunity.

**IT IS THEREFORE ORDERED** that Lee's motion for summary judgment (Dkt. No. 26) is **DENIED** and Defendants' motion for summary judgment (Dkt. No. 51) is **GRANTED**. This case is dismissed. The clerk is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 4th day of January, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge